UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alissa M. Melendez-Vega, | No. 23-cv-898 (KMM/DTS) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Alissa M. Melendez-Vega objects to the Report and Recommendation filed by United States Magistrate Judge David T. Schultz on May 9, 2023. [Dkt. 4 (May 9th R&R).] In the May 9th R&R, Judge Schultz recommended that Ms. Melendez-Vega's habeas petition, which argued that the Federal Bureau of Prisons ("BOP") miscalculated her time credits under the First Step Act of 2018 ("FSA"), be denied. Judge Schultz concluded that Ms. Melendez-Vega was not entitled to at least 10 or as many as 15 days of time credit for each individual program in which she was enrolled simultaneously every month. Specifically, Judge Schultz concluded that 18 U.S.C. § 3632(d)(4)(A) unambiguously does not require the BOP to award credits for each program completed. Instead prisoners earn time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming." [May 9th R&R at 2–3 (quoting 18 U.S.C. § 3632(d)(4)(A)(i)).] Accordingly, Judge Schultz recommends that the habeas petition be denied and this action be dismissed. [*Id.* at 4.]

1

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).

Ms. Melendez-Vega raises an array of arguments in her objections, including a cogent criticism of the so-called *Chevron* doctrine by which federal courts defer to agency interpretations of ambiguous statutes they are charged with enforcing. [Dkt. 5 at 3 (citing *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984)).] Her arguments can be summarized as expressing disagreement with the statutory analysis conducted by Judge Schultz in rejecting her habeas claim. However, the Court agrees with Judge Schultz's analysis, which is consistent with other courts to have considered such claims. *See Rice v. Segal*, No. 23-cv-0751 (ECT/DJF), ECF No. 6 (D. Minn. Apr. 24, 2023); *Dale v. Hawkins*, No. CV H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023) ("Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate."). Because the text of the FSA plainly and unambiguously does not support the claim raised in the petition, resort to any analysis of the BOP's interpretation under the *Chevron* doctrine is unnecessary.

Finally, a number of Ms. Melendez-Vega's objections raise concerns about the conditions of confinement at the Federal Correctional Institution in Waseca. But under Eighth Circuit law, such claims are not appropriately adjudicated through a habeas proceeding. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED** that the May 9th R&R [Dkt. 4] is **ACCEPTED**, Ms. Melendez-Vega's Objections [Dkt. 5] are **OVERRULED**; the habeas petition [Dkt. 1] is **DENIED**; and this action is **DISMISSED**.

**Let Judgment be entered accordingly**.

Date: August 18, 2023

                                            *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States District Judge